No. 58,666
and
No. 58,667

## In the Matter of JOSEPH ANDERSON, *Respondent*.
(714 P.2d 985)

Opinion filed February 21, 1986.

*Roger N. Walter*, disciplinary counsel, appeared and argued for the disciplinary administrator.

There was no appearance by respondent.

Two original proceedings in discipline filed with the Kansas Board for Discipline of Attorneys (Board) by Arno Windscheffel, disciplinary administrator, against Joseph Anderson of Mission, an attorney admitted to the practice of law in the State of Kansas, have been consolidated in this court. The panel of the Board which heard the complaints found violations of the Code of Professional Responsibility in each matter and recommended indefinite suspension.

Case No. 58,666 is based upon respondent's representation of Deborah Schlesselman in a divorce action. Respondent was retained on or about October 9, 1984, to file a divorce action. At that time Mrs. Schlesselman paid $500.00 as a fee and $55.00 for the court cost deposit. Thereafter, and before the divorce petition was filed, she contacted respondent and asked him to hold up filing the action due to her illness. On November 16, 1984, she again contacted respondent and asked that he proceed with the divorce action. She was advised it would be filed the following week. From November 16, 1984, until December 17, 1984, she attempted to contact respondent but was unable to do so. She left messages for respondent to contact her with a person who occasionally answered respondent's telephone or on his answering device. Finally, on December 17, 1984, respondent contacted Mrs. Schlesselman and asked her to come in and sign the petition. She did so the same day and was told the petition would be filed the next day. It was not. On December 27, 1984, after being advised by the Clerk of the District Court that no action had been filed, she retained another attorney and a letter terminating respondent's employment and demanding a refund of the $500.00 fee was delivered to respondent's office.

On January 8, 1985, respondent, ignoring the fact that his employment had been terminated, filed the petition in the Wyandotte County District Court. On January 17, 1985, a second copy of the letter terminating respondent's employment and demanding refund of the fee was delivered to respondent's office. At that time Mrs. Schlesselman was informed by a secretary in an adjoining office that respondent had not been in his office for a month. Mrs. Schlesselman has had no further contact with respondent and no part of the $500.00 fee has been refunded. At the hearing before a panel of the Board, respondent acknowledged that he owed his former client at least $350.00 but that nothing had been paid. The panel concluded that respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3), 235 Kan. cxlvii, and had failed to refund money due his client in violation of DR 9-102(B)(4), 235 Kan. cliii.

In Case No. 58,667, respondent was charged with neglecting a legal matter entrusted to him and with failure to refund an unearned fee. On October 22, 1984, Arthur Swanegan, a resident of the federal penitentiary at Leavenworth, contacted respondent about representing him in certain criminal matters which were pending in the Wyandotte County District Court. Respondent agreed to confer with Mr. Swanegan for a fee of $250.00. A friend paid respondent the agreed fee and on October 26, 1984, respondent met with Mr. Swanegan. On or about November 13, 1984, respondent met again with Mr. Swanegan and advised him that he thought he could get the Wyandotte County charges dismissed based upon a "delayed arraignment" argument. Respondent agreed to represent Mr. Swanegan for a fee of $2,000.00 to be paid $1,000.00 forthwith and $1,000.00 after respondent got into the case. On or about November 20, 1984, respondent received the first $1,000.00 payment. Respondent did nothing further on behalf of his client and on December 2, 1984, his employment was terminated and Mr. Swanegan demanded a refund of the $1,000.00 fee. Further attempts to contact respondent were unsuccessful and respondent failed and refused to contact Mr. Swanegan. At the hearing before the panel respondent acknowledged that he owed Mr. Swanegan a refund of at least $800.00 but at the time of the hearing no part of it had been paid. The panel found respondent had neglected a legal matter entrusted to him and had failed to pay money due his

former client. The panel recommended that respondent be suspended from the practice of law in Kansas.

After carefully considering the record in this case the court concurs in the recommendation of the Board.

IT IS THEREFORE ORDERED that Joseph Anderson be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that Joseph Anderson shall forthwith comply with the provisions of Supreme Court Rule 218 (235 Kan. cxxxii).

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.

Effective this 21st day of February, 1986.